```
JESSE S. KAPLAN   CSB# 103726
5441 Fair Oaks Bl. Ste. C-1
Carmichael, CA   95608
(916) 488-3030
(916) 489-9297 fax

Attorney for Plaintiff
LISA WAN
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AT&T WEST DISABILITY BENEFITS PROGRAM, AT&T UMBRELLA PLAN NO. 3,<br><br>　　　　Defendants.<br>_____/ | No. _____<br><br>COMPLAINT REGARDING DENIAL OF DISABILITY BENEFITS UNDER AN EMPLOYEE WELFARE BENEFITS PLAN |

Plaintiff LISA WAN alleges:

## JURISDICTION AND VENUE

1. Jurisdiction of the court is conferred by the Employee Retirement Income Security Act of 1974 (*ERISA*), and in particular 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which in this case consists of a group disability plan provided by United Airlines to certain employees, including plaintiff Lorraine Gregersen. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives district courts

1

1 jurisdiction over actions that arise under the laws of the United States.

2. The *ERISA* statutes provide, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff exhausted those remedies, entitling her to bring this complaint.

3. Venue is proper in the Eastern District of California because plaintiff at all relevant times during that administrative process resided in Elk Grove, County of Sacramento, in that district. (20 U.S.C. §1132(e)(2), 28 U.S.C. §1391)

## NATURE OF ACTION

4. This claim seeks an award to plaintiff of disability income benefits pursuant to an employee welfare benefit plan providing disability benefits to employees of AT&T, of which plaintiff was one. This action seeking recovery of benefits is brought pursuant to 29 U.S.C. §1132(a)(1)(B).

## PARTIES

5. Plaintiff LISA WAN at all relevant times resided in Elk Grove, County of Sacramento, in the Eastern District.

6. Defendants AT&T WEST DISABILITY BENEFITS PROGRAM and AT&T UMBRELLA PLAN NO. 3 are named as constituting the relevant "employee welfare benefit plan" as defined by 29 U.S.C. §1001(1), based on information and belief. Should this designation be inaccurate, plaintiff will seek leave to amend this complaint to properly name the relevant plan. As an incident of her employment with AT&T, plaintiff received coverage under a plan as a "participant," as defined by 29 U.S.C. §1002(7). This claim relates to benefits under that plan

## STATEMENT OF FACTS

7. Plaintiff Lisa Wan worked for AT&T for many years before becoming disabled and at jobs that were much easier physically than her last. Her job when she became disabled was computer operator/input-output operator, which involved standing all day lifting up to 50 pounds. She became unable to work because of severe hand dermatitis; bilateral shoulder impairments, cervical and lumbar degenerative and strain/sprain problems, esotropia, and vertigo.

1         8. Eventually, Ms. Wan, a small woman born in 1953, could no longer continue performing this medium exertional job, to which she had been switched in 2013 from a sedentary one. She had to take leaves of absence but could not recover by taking time off work. While off work she became eligible for short term disability benefits, but on May 13, 2014, the AT&T Integrated Disability Service Center denied her claim and asserted she had failed to prove disability beyond May 1, 2014. This letter contains no explanation beyond its not having received medical information from Ms. Wan's doctor, other than off-work notes with restrictions past that date.

      9. AT&T IDSC issued a letter to her June 10, 2014, mentioning these facts, saying it had received additional medical information, and saying she continued to have a right of appeal indicated in the May 13, 2014, letter.

      10. AT&T IDSC also issued an August 26, 2014, letter to Ms. Wan saying it had received additional medical information since its May denial but that this did not change its denial result. Thereafter, Ms. Wan apparently appealed.

      11. On October 9, 2014, AT&T IDSC issued a further denial, this one stating Ms. Wan's appeals had been exhausted. This October 9, 2014, final denial letter stated that a nonexamining doctor found that medical information *did* support disability from May 1, 2014, through August 14, 2014, but did not support inability to perform her regular occupation from August 15, 2014, onward. It stated it was reinstating benefits through August 14, 2014, but not thereafter, and that her appeals were exhausted. Other than citation to this one nonexamining doctor's opinion to this effect and to another nonexamining doctor to the effect that Ms. Wan was not disabled past May 1, 2014, there was no explanation for this determination, not even a reconciliation of these conflicting opinions, let alone an explanation that involved her own doctors' information and opinions.

      12. On November 14, 2016, a Social Security administrative law judge issued a fully favorable decision finding Ms. Wan disabled from March 31, 2014, through that date and continuing, based on the same impairments and some of the same evidence considered by defendants in denying Ms. Wan's STD claim. The disability definition and requirements found by

the ALJ to be satisfied were more stringent than the plan terms under which defendants wrongfully denied this claim. A copy of that ALJ decision is attached and made a part of this complaint.

13. Subsequent attempts by Ms. Wan to apply for long term disability benefits were denied on the ground that exhaustion of her short-term disability benefit was a precondition to LTD benefits. This was specifically stated in a February 4, 2015, letter of AT&T IDSC.

14. As a direct, legal and proximate consequence of defendants' acts, omissions, and breaches of the plan, policy, and *ERISA,* Lis Wan remains out of benefit status and has exhausted her administrative remedies.

## CLAIMS

15. The determination by defendants that plaintiff was not disabled and entitled to short term disability benefits under the plan was contrary to the plan, *ERISA,* and the evidence, lacks rational and legal support, and was arbitrary and capricious.

16. Defendants failed properly to interpret and administer the plan pursuant to 29 U.S.C. §1104.

17. Defendants failed to provide adequate notice specifying their reasons for denial in a manner calculated to be understood by plaintiff such that she could perfect an appeal, in violation of *ERISA's* regulatory scheme.

18. Defendants failed properly to consider all the evidence.

19. Defendants acted under a conflict of interest in denying the claim, and such conflicts of interest were contrary to plan terms and *ERISA*, which imposes fiduciary duties on plan administrators and requires any delegation of such authority as would be relevant here be done according to specified procedures.

20. Defendants did not give fair, impartial weight to plaintiff's evidence and subjective symptoms, and relied instead on its retained, nonexamining doctors and on clearly inaccurate interpretations of plan terms and on nonexistent requirements. It also rendered a vocationally inaccurate and unexplained determination.

21. All of the foregoing constituted breach of defendants' fiduciary duties under §1104 and other authority.

22. Plaintiff's claim was therefore unlawfully denied, and she is entitled to an order granting her benefits and otherwise enforcing the plan under 29 U.S.C. §1132(a)(1)(B) and other authority.

**WHEREFORE,** plaintiff prays for the following relief:

A. That the court enter judgment in plaintiff's favor and against defendants, and that the court order defendants to pay disability benefits, and award all other consequent rights and privileges consistent with the Plan to plaintiff, including all back benefits, and all rights appurtenant to having been awarded disability status at the proper time;

B. That the court order declaratory and injunctive relief whereby plaintiff's disability claim is reopened, granted, and his attorney fees are paid;

C. That the court order attorney fees paid to plaintiff pursuant to 29 U.S.C. §1132(g);

D. That the court impose prejudgment interest to the maximum extent allowed by law on all monetary awards and orders made in plaintiff's favor, and further order post-judgment interest from the date of such awards and orders;

E. That the court grant plaintiff any other and further relief to which he may be entitled, including costs of suit.

DATED: August 13, 2017                    /s/   *Jesse S. Kaplan*

                                                                JESSE S. KAPLAN
                                                                Attorney for Plaintiff
                                                                LISA WAN