# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WAN , <br><br> Plaintiff, <br><br> v. <br><br> AT&T WEST DISABILITY BENEFITS PROGRAM, AT&T UMBRELLA PLAN NO. 3 , <br><br> Defendants. | Case No. 2:17-cv-01677-EFB <br><br> STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED AND AGREED, by and among Defendant AT&T Umbrella Benefit Plan No. 3[1] ("Defendant" or the "Plan") and Plaintiff Lisa Wan ("Plaintiff" or "Wan") and pursuant to Fed. R. Civ. P. 26(c) and L.R. 141.1, that certain documents, materials, or information produced in discovery in this lawsuit shall be subject to the following Protective Order with respect to confidentiality and privacy, subject to the approval of the Court.

## Good Cause Exists to Enter Protective Order

1. The parties represent that disclosure and limited discovery in this action

---

[1] Defendant is improperly identified in the case caption as "AT&T West Disability Benefits Program" and "AT&T Umbrella Benefit Plan No. 3."

1     **Ex. A -** STIPULATED PROTECTIVE ORDER

will involve production of confidential or private information that, for competitive and proprietary reasons, are normally kept confidential. Specifically, materials exchanged in this litigation contain (1) highly-sensitive and private protected health information concerning the Plaintiff; (2) confidential information pertaining to the services of a third-party Claims Administrator in administering an Employee Retirement Income Security Act of 1974 ("ERISA") disability benefits plan, including claims processing figures that are proprietary and not known to the public.[2]

2. The parties agree that protection of the confidential and proprietary information at issue in this case should be addressed by Court Order, as opposed to a private agreement between the parties, (1) because the claims administration information requested in discovery (*i.e.*, the number of benefits claims decided by the Claims Administrator and outcomes of such benefit claims) does not specifically focus on Plaintiff's claim and, if not adequately protected, could potentially be used outside this litigation in other lawsuits involving the Plan where the Courts have not ordered limited discovery; and (2) because of the highly-sensitive nature of medical information and documents concerning Plaintiff exchanged in this case. *See* L.R. 141.1.

### Scope of Protective Order

3. This Stipulated Protective Order ("Protective Order") shall apply to all information, documents, electronically-stored information, and other materials disclosed, produced, exchanged, or otherwise disseminated in this case, including without limitation, documents produced, answers to interrogatories, and other information disclosed, produced, or exchanged pursuant to procedures set forth in the Federal Rules of Civil Procedure and/or by order of this Court. Collectively, such

---

[2] Blanket protective orders are routinely approved for use in civil cases and consistent with the mandate that courts provide "just, speedy, and inexpensive" resolution in every action and proceeding. *See Van v. Wal-Mart Stores, Inc.*, C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. 2011). "The Ninth Circuit has implicitly acknowledged that the use of blanket protective orders conserve judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential." *Henry v. Ocwen Loan Servicing, LLC*, No. 3:!7-cv-688-JM-NLS, 2018 WL 1638255, at *2 (S.D. Cal. Apr. 5, 2018) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).

**Ex. A -** STIPULATED PROTECTIVE ORDER

information, documents, electronically-stored information, and other materials shall be referred to as "Discovery Material."

4. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5. This Protective Order governs the parties' treatment of Confidential Information during the entirety of litigation, through any trial or appeal. This Protective Order is not intended to affect or govern the Court's treatment of documents.

6. The parties must still comply with their obligations under L.R. 141 to restrict access to all or a portion of the documents filed with the Court.

7. This Protective Order shall not abrogate or diminish any privilege or contractual, statutory, or other legal obligation or right of any party with respect to Discovery Material.

8. Nothing in this Order shall preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provision of this Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated (as set forth in paragraph 9, below), or from requesting the Court to amend or modify this Order with respect to any particular matter.

9. Nothing in this Protective Order affects in any way, the admissibility of any documents or other evidence at trial.

10. This Protective Order shall remain in effect for the duration of the lawsuit unless terminated by stipulation executed by counsel of record or pursuant to Court Order. Insofar as they restrict the communication, treatment, and use of information subject to the Protective Order, the provisions of the protective Order shall continue to be binding after the termination of this lawsuit, unless the Court orders otherwise.

11. The disclosure of any Confidential Information pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any

right or a relinquishment of any confidentiality claim as to said Confidential Information.

### Designation of Discovery Material as Confidential

12. Discovery Material designated as "Confidential" ("Confidential Information") shall be information, documents, electronically-stored information, and/or other materials that are confidential and meet the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as: (1) any non-public personal information or protected health information; (2) trade secrets and commercial or financial information that is either privileged or confidential; and (3) any other material qualifying for protection under Fed. R. Civ. P. 26(c).

13. Before any information is designated as Confidential, counsel of record for the designating party must first review the information and make a determination, in good faith, that the information, documents, electronically-stored information, and/or other materials are confidential or otherwise entitled to protection pursuant to paragraph 6 of this Protective Order and Fed. R. Civ. P. 26(c).

14. Discovery Material are designated as Confidential by placing or affixing (in a manner that will not interfere with their legibility) the notice "Confidential" or "CONFIDENTIAL" on every page containing Confidential Information. Discovery Material unintentionally produced without a Confidential designation or produced before the Protective Order is issued may be retroactively designated in the same manner.

### Objections to Confidential Designations

15. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time notice is received, it shall be the obligation of the party designating the information as Confidential to advise the Court of the dispute pursuant to the Court's procedures

concerning discovery disputes. If the designating party does not so notify the Court and take such procedural action as the Court instructs concerning the dispute, then the Confidential designation shall be deemed waived. If the designating party does notify the Court and takes such procedural action as the Court instructs concerning the dispute, the party asserting confidentiality shall have the burden of proving that the Confidential Information is protected within the meaning of this Protective Order and Fed. R. Civ. P. 26(c)(1)(G). Prior to the determination by the Court of the propriety of the Confidential designation, the parties shall treat the disputed information as Confidential.

**Limited Use and Dissemination of Confidential Information**

16. Except as otherwise stated in this Protective Order, access to Discovery Material designated as "Confidential" shall be restricted as follows:

a. Discovery Material and any information extracted from them that have been designated as "Confidential" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes.

b. "Confidential" designated Discovery Material shall only be disseminated or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action and supporting personnel employed by counsel of record, such as paralegals, legal secretaries, legal clerks, or document management or photocopying services; (2) the named parties; (3) actual or prospective experts and consultants retained or consulted by a party or a party's counsel in the course of this action; (4) any professional vendors or other persons or entities that provide litigation support services; (5) any private mediator or other alternative dispute resolution professional retained or selected by the parties or the Court to assist in the resolution of the matter; (6) the Court and Court personnel. The persons identified in subparagraphs (1) through (5) in this paragraph shall not disclose, discuss, or reveal the contents of the Confidential Information or the Confidential Information itself to any other person or entity not specifically described in this paragraph. Before an attorney of record in this

case discloses Confidential Information to the persons identified in subparagraphs (3) and (4) of this paragraph, such attorney shall obtain a signed acknowledgement by such person that he or she has read the Protective Order and agrees to be bound by its terms. There shall be no other permissible dissemination of Confidential Discovery Material.

   c. No copies, extracts, or summaries of any document designated "Confidential" shall be made except by or on behalf of counsel of record, and such copies, extracts, or summaries shall also be designated and treated as "Confidential."

  17. Without written permission from the designating party or Court Order, no party shall file any Confidential Information in the public record without first making a request, with notice to all parties, to file the material under seal pursuant to L.R. 141.

  18. At the conclusion of this case, unless other arrangements are agreed upon in writing, each document and copies thereof that have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents, except that counsel shall be permitted to retain court filings, exhibits, and work product that contain Confidential Information or references hereto, subject to the provisions of this Protective Order. Notwithstanding the provisions of this paragraph, the parties and their counsel shall not be required to return or destroy Confidential Information to the extent prohibited by law or to the extent such Confidential Information is (a) stored on media that is generally considered not reasonably accessible; or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert, provided such Confidential Information shall remain subject to the provisions of this Protective Order.

  19. If any person receiving and in the possession, custody, or control of Confidential Information is served with a subpoena, demand, or any other legal process seeking discovery material containing Confidential Information by one not a party to this action, the receiving party shall give prompt written notice to the designating party within forty-eight (48) hours of its receipt of such subpoena, demand, or legal party,

assuming the provision of such notice is not forbidden by law or legal authorities.

IT IS SO STIPULATED.

Dated: June 1, 2018

| JESSE S. KAPLAN, ATTORNEY AT LAW | CAMPBELL LITIGATION, P.C.<br>HARDY ERICH BROWN & WILSON |
|---|---|
| By: */s/ Jesse S. Kaplan (as authorized on May 25, 2018)*<br>Jesse S. Kaplan<br><br>Attorney for Plaintiff Lisa Wan | By: */s/ Daniel M. Combs (as authorized on May 25, 2018)*<br>Daniel M. Combs<br>(Admitted *pro hac vice*)<br><br>Attorneys for Defendant AT&T Umbrella Benefit Plan No. 3 (incorrectly identified in case caption) |

# **PROTECTIVE ORDER**

Upon consideration of the Stipulated Protective Order between the parties in *Lisa Wan v. AT&T Umbrella Benefit Plan No. 3*, Case No. 2:17-cv-01677-EFB, the Court hereby approves of said Protective Order and orders the parties to comply with its terms.

IT IS SO ORDERED.

Dated: June 6, 2018

_____
HON. EDMUND F. BRENNAN,
CHIEF MAGISTRATE JUDGE